OPINION OF THE COURT
Fritz W. Alexander, J.
This article 78 proceeding has been brought to review a determination of the New York City Taxi and Limousine Commission which found that petitioner had violated rule 38 of the Rules Governing Drivers of Public Taxicabs and Public Coaches. Rule 38 provides that when anyone other than the driver is in a taxicab the meter must "immediately be placed in recording position and kept in that position until arrival at destination”. Respondent takes the position, as did its hearing officer, that there is no defense to such a violation once it is *118 established. Their position is that even if the hearing officer is convinced that the failure to turn on the meter was inadvertent he must find the driver "guilty”. The court does not agree with that interpretation.
Chapter 65 of the Administrative Code of the City of New York gives the commission the authority to make rules and it is by that rule making power that rule 38 itself was promulgated. Section 2306 (subd a) of chapter 65 provides that the commission may impose fines or suspend drivers’ licenses where the holder "has wilfully or knowingly violated any of the provisions of this chapter or a rule” promulgated by the commission. The record cannot sustain a finding that this violation was knowingly or intentionally made. On the contrary the record indicates that it was inadvertent. Both the statute creating the authority to make rules and the rules themselves must be read together since without the statutory authority the rules themselves could hot have been made. All of the evidence on the hearing record tends to show that the failure was one of inadvertence rather than an attempt to "steal” a fare. Respondent’s own inspector testified regarding petitioner that "He thought he had it on”. There is no contrary evidence in the record. The hearing officer himself wrote the following endorsement on the paper "8/4/76 Defense of unintentional error seems credible but not acceptable according to our rules”.
The determination was in error in view of the uncontroverted testimony that the violation of the rule was inadvertent (CPLR 7803, subd 3). This is especially so in view of the fact that the "guilty” finding carries with it more than the $100 fine imposed. It is equivalent to a finding that petitioner attempted to "steal” a fare and could reasonably be expected to make it difficult for petitioner to gain future employment as a taxi driver. Petitioner testified that he listed the trip on his trip record. This is uncontroverted and is crucial to the question of whether he intended to "steal” the trip which is the real prohibition of rule 38.
The petition is granted and the determination of the respondent is annulled.